# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 7. Mediation Questionnaire

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)**  21-16278

**Case Name**  California Restaurant Association v. City of Berkeley

**Counsel submitting this form**  Courtland Reichman
Reichman Jorgensen Lehman & Feldberg LLP

**Represented party/parties**  California Restaurant Association

*Briefly describe the dispute that gave rise to this lawsuit.*

The California Restaurant Association ("CRA") filed suit challenging the City of Berkeley's ban on natural gas infrastructure in new buildings. The CRA asserted that the Berkeley ban was preempted by the Energy Policy & Conservation Act (the "EPCA"), which expressly preempts any state or local regulation that "concerns" the "energy use" of appliances covered by the statute. The Berkeley ban necessarily concerns the energy use of appliances because by prohibiting natural gas piping, it prohibits appliances that use any natural gas. The EPCA has exemptions from preemption for local regulations that meet certain criteria, but the Berkeley ban cannot meet those because it does not regulate even-handedly between types of appliances and allow builders choice on how to meet neutral energy consumption or conservation objectives. The CRA also asserted that Berkeley failed to comply with state law in passing its ban by not following state procedural requirements for amending the Building Code and the Energy Code. The CRA sought declaratory and injunctive relief prohibiting Berkeley from enforcing its natural gas ban.

The City of Berkeley filed a motion to dismiss that asserted the CRA lacked standing to bring its claims, that the dispute was not ripe for resolution, that the CRA failed to state a claim under the EPCA, and that the state law claims should be dismissed for lack of supplemental jurisdiction.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**  1  Rev. 12/01/2018

*Briefly describe the result below and the main issues on appeal.*

The Northern District of California, Judge Yvonne Gonzalez Rogers, granted the City of Berkeley's motion to dismiss. California Restaurant Assoc. v. City of Berkeley, 4:19-cv-07668-YGR. The court held that the CRA had standing to bring its federal preemption claim under the EPCA and that the dispute was ripe. The court held, however, that the CRA could not state a claim for preemption under the EPCA because the Berkeley ban did not directly or expressly ban natural gas appliances. While the court noted that the EPCA's preemption provision used broad language, and that allowing no use of natural gas falls within the EPCA's definition of affecting "energy use" insofar as it regulated the "quantity" of energy used, the court concluded the preemptive scope was not intended to reach local regulation of gas distribution. The court dismissed the state law claims solely on the grounds that it did not have supplemental jurisdiction once the federal claim was dismissed.

The issues on appeal are (1) whether the EPCA preempts Berkeley's ban on natural gas infrastructure because the ban "concerns" the "energy use" of covered appliances, and (2) whether the court should exercise supplemental jurisdiction over the state law claims if the dismissal of the EPCA claims is reversed, since that was the sole basis for dismissal of the state law claims.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

None.

**Signature** s/Courtland Reichman    **Date** 08/12/2021

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**      2      Rev. 12/01/2018